**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 00-4023

ALBERT MCCOY, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-99-106)

Submitted: June 6, 2000

Decided: June 16, 2000

Before MURNAGHAN and LUTTIG, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Lisa B.
Boggs, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Albert McCoy, Jr., was convicted by a jury of one count of conspiracy to possess with intent to distribute crack cocaine and one count of possession with intent to distribute crack cocaine. On appeal, McCoy contends that: (1) the district court abused its discretion by not allowing him to plead guilty; (2) the out-of-court identification procedure was unduly suggestive and the in-court identification should have been suppressed; and (3) the court erred by limiting evidence of his trusting nature. Finding no reversible error, we affirm.

Although McCoy had a right to plead guilty, the district court did not have to accept his guilty plea. See North Carolina v. Alford, 400 U.S. 25, 38 n.11 (1970) ("Our holding does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead."). "A court may reject a plea in exercise of sound judicial discretion." Santobello v. New York, 404 U.S. 257, 262 (1971). Given that McCoy denied an essential element of the offense, that he believed his attorney could have done more of an investigation, that he believed it was possible that a jury could acquit him of the charges, and that he was probably not eligible for any reduction in the base offense level or a downward departure based on his guilty plea because he denied that he voluntarily joined the conspiracy, we find that the district court did not abuse its discretion by refusing to accept McCoy's guilty plea.

We agree with the district court that the out-of-court photographic identification procedure was not unduly suggestive. In any event, the witness' in-court identification was reliable. See Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

We find that the district court did not err by limiting opinion testimony as to McCoy's trusting nature. We also find that the court did

2

not err by refusing to permit evidence of specific instances of conduct reflecting McCoy's trusting nature. See Fed. R. Evid. 405(a), (b).

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3